UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

CONTINENTAL CASUALTY CO., as
subrogee of Canadian National Railway
Company;                                                    Case No. _____

CHUBB INSURANCE CO. OF                   Hon. _____
CANADA, as subrogee of Canadian
national Railway Company;

LLOYD'S OF LONDON, SGL NO. 1,
NEW LINE SYNDICATE 1218, as
subrogees of Canadian National
Railway Company;

RSA CANADA, as subrogee of
Canadian National Railway Company

         Plaintiffs,

   vs.

DAVID J. JOSEPH COMPANY,

         Defendant.

## **NOTICE OF REMOVAL**

     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, David J. Joseph Company

("DJJ") removes this action from the 31st Circuit Court for the County of St. Clair,

Michigan to the United States District Court for the Eastern District of Michigan.

## BACKGROUND

1.     This lawsuit arises from a June 28, 2019 derailment of a Canadian National Railway Company ("CNR") train in and around Port Huron, Michigan. (*See* Ex. 1, Complaint, *Continental Casualty Co., et al. v. David J. Joseph Co.*, No. 21-001181-CB (St. Clair Cty, MI, June 25, 2021) ("Cmplt.") at ¶¶ 11–42.)

2.     The Complaint filed by the Plaintiffs, alleged subrogees of CNR, seeks recoupment of alleged property damage payments made to CNR and centers on allegations that DJJ, as an owner of a certain railcar, caused "sudden and catastrophic damage and destruction to railway, other railcars, and cargo being carried by the Freight Train.  Additionally, CNR incurred liability in cleaning up the accident scene.  [] As a result of the aforementioned events, CNR and its insurance carriers paid amounts in excess of $8,113,500.00 to replace and repair damaged property (including the cargo carried by the Freight Train), clean-up and extraction of the derailed railcars and their cargo, as well as clean up and remediation of the chemical spill."  (Cmplt. ¶¶ 11-42, 38-39).  The Complaint asserts four counts in total. The first count for Negligence against DJJ (*Id.* at Count I), the second count for breach of contract and implied warranty of fitness for a particular purpose against DJJ (*Id.* at Count II), the third count for Indemnification against DJJ (*Id.* at Count III), and the fourth count for Contribution against DJJ acknowledging alleged comparative negligence of CNR (*Id.* at Count IV).

## **GROUNDS FOR REMOVAL**

**Diversity Jurisdiction**

3.     Complete diversity of citizenship exists between the properly joined parties, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(3). (Cmplt. ¶¶ 1 - 7, 50, 64, 70, 74)

4.     The matter in controversy is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(3).

5.     As alleged in the Complaint and as alleged herein under 28 U.S.C. § 1332(c)(1), at the time of the filing of this action and at all times relevant hereto:

a.     Continental Casualty Company ("CCC"), is an Illinois corporation with its principal place of business in Illinois and thus an Illinois citizen.   CCC is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 1, 5-6).

b.     Chubb Insurance Co. of Canada ("Chubb Canada"), is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada and thus a Canadian citizen. Chubb Canada is an alleged

subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 2, 5-6).

      c.    RSA Canada, a/k/a Royal & Sun Alliance Insurance Company of Canada ("RSA Canada"), is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada and thus a Canadian citizen. The Complaint alleges RSA Canada having a principal place of business in Montreal, Quebec, which is also completely diverse to DJJ, but DJJ's investigation revealed RSA Canada as based in Toronto, Ontario, Canada. RSA Canada is an alleged subrogee to its insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 3, 5-6).

      d.    The plaintiffs alleged as "Lloyd's of London" ("Lloyd's") consist of Newline Syndicate 1218 ("Syndicate 1218") and Lloyd's Syndicate 1301 ("Syndicate 1301"). (Complt, ¶ 4). Syndicate 1218 is organized under the laws of England and Wales with its principal place of business in London, England and thus a citizen of the United Kingdom. (Complt, ¶ 4(a)). Syndicate 1301 is organized under the laws of the United Kingdom with its principal place of business in London, England and thus a citizen of the United Kingdom. (Complt, ¶ 4(b)). The Lloyd's plaintiffs are

alleged subrogees to their insured CNR, a Canadian corporation with its principal place of business in Montreal, Quebec Canada. (Cmplt. ¶¶ 4, 5-6).

      e.    Defendant, David J. Joseph Company ("DJJ"), is a Delaware Corporation with its principal place of business in Ohio. (Cmplt. ¶7) and thus a citizen of Delaware and Ohio.

6.    It is apparent from the face of the Complaint that Plaintiffs seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. Plaintiffs allege in their prayers for relief that they, as subrogees of CNR, "pray for judgment to be entered in their favor and against David J. Joseph Company, in an amount in excess of $8,113,500.00…" (Cmplt. Counts I-III).  Accordingly, any additional requirements as to the amount in controversy in Local Rule 81.1 do not apply here.  L.R. 81.1 ("This rule applies to actions removed on the basis of diversity of citizenship in which the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332.").

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

7.    Plaintiffs filed this action in the 31st Circuit Court for the County of St. Clair, Michigan on June 25, 2021.  DJJ was served on July 1, 2021.  Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because the thirty-

day removal period ends no earlier than July 31, 2021, which is a Saturday and by virtue of Fed. R. Civ. P. 6 is continued to August 2, 2021.

8.      For the purposes of removal, venue is proper in this Court pursuant to 28 U.S.C. §101 because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.      Pursuant to 28 U.S.C. § 1446(a), DJJ attaches to this Notice of Removal a copy of all process, pleadings, and orders entered in this case.  (*See* Exhibit 1, attached hereto).

10.     DJJ is the only Defendant and no other consents to removal are required.

11.     DJJ will promptly give written notice of this removal to Plaintiffs' counsel and to the Clerk of the 31st Circuit Court for the County of St. Clair, Michigan.  28 U.S.C. § 1446(d).

12.     By removing this action to federal court, DJJ does not waive any defense or argument available to them.

13.     If any question is raised as to the propriety of the removal of this action, DJJ request the opportunity to present a brief and oral argument in support of removal.

Respectfully submitted,
Varnum LLP

Dated:  July 30, 2021                    By:     */s/ Bradley S. Defoe*

Bradley S. Defoe (P70233)
Attorneys for Brixmor
260 East Brown Street, Suite 150
Birmingham, MI 48009
(248) 567-7800
bsdefoe@varnumlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2021, I electronically filed the foregoing paper with the Clerk of the Court and served the following via email and first-class mail upon:

Timothy Poeschl (P84944)
GROTEFELD HOFFMANN GORDON OCHOA & EVINGER, LLP
150 S. Fifth St., Ste. 3650
Minneapolis, MN 55402
612-564-4881
tpoeschl@ghlaw-llp.com

Dated:  July 30, 2021                   By:    _/s/ Bradley S. Defoe_____

18344486.